COURT OF APPEALS
DECISION
DATED AND FILED

March 31, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* **WIS. STAT. § 808.10 and RULE 809.62.**

Appeal No.    **2021AP1826-CR**

**STATE OF WISCONSIN**

Cir. Ct. No.  **2021CT10**

**IN COURT OF APPEALS
DISTRICT IV**

---

STATE OF WISCONSIN,

   PLAINTIFF-APPELLANT,

V.

ERIC ALLAN ERICKSON,

   DEFENDANT-RESPONDENT.

---

APPEAL from an order of the circuit court for Green County: FAUN MARIE PHILLIPSON, Judge. *Affirmed*.

¶1    FITZPATRICK, J.[1]  Eric Erickson was charged in the Green County Circuit Court with operating a motor vehicle under the influence of an intoxicant as a third offense and operating a motor vehicle with a prohibited alcohol concentration as a third offense.  The complaint alleges that Erickson had two valid prior

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

convictions for operating while under the influence of an intoxicant, the first in 2002 and the second conviction in 2006. Erickson filed a motion collaterally attacking the 2006 conviction, arguing that the 2006 conviction was not valid (and should not be counted as a prior conviction) because the circuit court in that case did not ensure that Erickson made a knowing, intelligent, and voluntary waiver of his right to counsel. *See State v. Klessig*, 211 Wis. 2d 194, 206-07, 564 N.W.2d 716 (1997); *State v. Ernst*, 2005 WI 107, ¶¶18, 25-27, 283 Wis. 2d 300, 699 N.W.2d 92. The circuit court determined in the present case that Erickson made a prima facie claim that the 2006 OWI conviction was invalid, and the circuit court at a later hearing ruled that Erickson's motion must be granted based on factual findings of the court made at that evidentiary hearing. The State appeals.

¶2 The State filed a brief-in-chief in this appeal. Erickson filed a responsive brief that establishes the following: facts in the record relied on by the State in its brief-in-chief are irrelevant, and the State ignores facts that are dispositive to issues before this court. In addition, the responsive brief from Erickson has citations to authorities, on issues before me in this appeal, that squarely rebut authorities relied on by the State in its brief-in-chief. The records of the clerk of this court show that the State has not filed a reply brief in this appeal. Thus, by failing to reply to Erickson's arguments, the State concedes the forfeiture of issues raised by the State in this appeal. *See United Coop. v. Frontier FS Coop.*, 2007 WI App 197, ¶39, 304 Wis. 2d 750, 738 N.W.2d 578 (appellant's failure to respond in reply brief to arguments made in responsive brief may be taken as concessions).

¶3 By failing to file a reply brief, the State has attempted, in effect, to put any judge of this court assigned to this appeal in the position of drafting a reply brief for the State. That I cannot and will not do. *See Industrial Risk Insurers v.*

*American Eng'g Testing, Inc.*, 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82 (a judge of this court may not act as an advocate for a litigant).

¶4      For these reasons, the order of the circuit court is affirmed.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.